**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SONIA PADILLA-CASTILLO, | No. 10-71243 |
| Petitioner, | Agency No. A099-579-899 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Sonia Padilla-Castillo, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Padilla-Castillo failed to raise any substantive challenge to the agency's determination that her asylum application was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, we deny the petition as to her asylum claim.

Substantial evidence supports the agency's finding that Padilla-Castillo failed to establish past persecution because she did not demonstrate that she suffered domestic abuse in Mexico, the country of removal. *See* 8 C.F.R. § 1208.16(b)(1); *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (domestic abuse that occurred in the United States could not constitute past persecution). Substantial evidence also supports the agency's finding that Padilla-Castillo failed to establish it is more likely than not that she will face future persecution in Mexico. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, her withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Padilla-Castillo failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**